UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Kenneth Bendis, <br><br> Kenneth Bendis,<br>            Plaintiff-<br>            Debtor,<br> v.<br> Internal Revenue Service,<br> United States of America,<br> Department of Treasury, and<br> Illinois Department of Revenue.<br>            Defendant(s)-<br>            Creditor(s). | Bankruptcy No. 07 B 06833<br>Adversary No. 08 A 00081<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to set aside default judgment filed by the United States of America ("USA"), pursuant to Rules 9024 and 7055 of the Federal Rules of Bankruptcy Procedure incorporating Rules 60(b)(4) and 55(d) of the Federal Rules of Civil Procedure, on February 13, 2009. For the reasons set forth herein, the Court grants USA's motion to set aside default judgment.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

## FACTS AND BACKGROUND

On April 16, 2007, debtor Kenneth Bendis ("Debtor") filed a voluntary Chapter 7 bankruptcy petition. The Court entered an order of discharge on July 16, 2007. On December 6,

2007, Debtor filed a motion to reopen the Chapter 7 case to file an adversary to discharge internal revenue taxes. The Court granted an order to reopen the case on December 20, 2007.

On February 13, 2008, Debtor filed his complaint in this adversary proceeding, named the United States of America, by and through the Internal Revenue Service and Department of Treasury, and sought a determination that his federal tax liabilities were dischargeable under 11 U.S.C. § 727.

At Debtor's request and on the same date, the Clerk of the Court issued a summons to the United States of America, Internal Revenue Service ("IRS"). On the same date, Debtor filed an initial Certificate of Service claiming that service had been made by mail, but it did not list who service addressed to. This certificate was later amended on May 20, 2008 to include an IRS address to which he allegedly mailed a copy of the summons and complaint. USA, however, asserts that the IRS is not a proper party to this action. Instead, USA argues that it is the party on which service of process must be made.

USA further asserts that Debtor did not serve USA as required by Federal Rule of Bankruptcy Procedure 7004. More specifically, Debtor did not serve a copy of the summons and complaint on either the civil process clerk for the United States Attorney for the Northern District of Illinois or the United States Attorney General.

On May 29, 2008, Debtor filed a motion to have a default judgment entered against the IRS. Debtor allegedly sent notice of this motion only to the IRS and did not serve notice of the motion on USA. The Court entered a default judgment against the United States on June 5, 2008.

On February 13, 2009, USA filed a motion to set aside the Court's June 5, 2008 default judgment, reopen the adversary proceeding, and grant USA a reasonable period of time to respond to Debtor's adversary complaint. Debtor did not file a response.

## DISCUSSION

Rule 60(b)(4) of the Federal Rules of Civil Procedure, which is made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure2, provides for relief from a final judgment when that judgment is void. Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) is also made applicable in adversary proceedings through Rule 7055 of the Federal Rules of Bankruptcy Procedure. Rule 7055 makes Federal Rule of Civil Procedure 55(c) applicable in adversary proceedings. Fed. R. Bankr. P. 7055. In addition, Rule 55(c) provides that a court may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c).

A judgment is void under Rule 60(b)(4) where the court rendering judgment lacked jurisdiction over the parties, the subject matter, or if it acted in a manner inconsistent with due process of law. Robinson Engineering Co., LTD. Pension Plan & Trust v. George, 223 F.3d 445 (7th Cir. 2000). Once a trial court decides that it lacks personal or subject matter jurisdiction, Rule 60(b)(4) requires the judgment be set aside, and the Court has no discretion in the matter. George, supra, 223 F.3d at 448; Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986); Textile Banking Co., Inc., v. Rentschler, 657 F.2d 844, 850 (7th Cir. 1981).

Under Federal Rule of Bankruptcy Procedure 7004(f), a court obtains jurisdiction over the United States in an adversary proceeding only if the United States is served in accordance with Rule 7004. Fed. R. Bankr. P. 7004(f). Conversely, failure to properly serve the United States under Rule 7004 deprives the Court of personal jurisdiction over the United States, leaving the Court with no power to compel the United States to answer or respond to an adversary complaint. See Rabiolo v. Weinstein, 357 F.2d 167, 168 (7th Cir. 1966).

In an adversary proceeding, service on the United States is effected "by mailing a copy of the summons and complaint addressed to the civil process clerk at the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint

to the Attorney General at Washington, District of Columbia." Fed. R. Bankr. P. 7004(b)(4).

Furthermore, the IRS cannot sue and cannot be sued, In re Simms, 33 B.R. 792, 793 (Bankr. N.D. Ga. 1983) (citing Blackmar v. Guerre, 342 U.S. 512, 514 (1952)).

Here, Debtor did not serve the USA as required by Federal Rule of Bankruptcy Procedure 7004. On May 29, 2008, Debtor filed a motion for default judgment against the IRS. Debtor did not serve notice of the motion on the proper party to this action. The Court previously entered a default judgment against USA on June 5, 2008. The June 5, 2008 default judgment is void and must be set aside.

### CONCLUSION

For the foregoing reasons, the Court grants USA's motion to set aside default judgment.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE:

APR 6 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge